[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10060
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 3, 2011
JOHN LEY
CLERK

D.C. Docket No. 6:10-cr-00223-GKS-DAB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ARTURO GARCIA-HERNANDEZ,
a.k.a. John Sanchez,
a.k.a. Jose Arturo Garcia,
a.k.a. Antonio Murillo Jose,
a.k.a. Jose Antonio Murillo-Hernandez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 3, 2011)

Before BARKETT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Jose Arturo Garcia-Hernandez appeals his 77-month sentence for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a), (b)(2). On appeal, he first argues that his sentence is both procedurally and substantively unreasonable. He contends that the sentence is procedurally unreasonable because the district court: (1) failed to adequately consider the 18 U.S.C. § 3553 sentencing factors; (2) failed to consider all of the arguments presented by defense counsel and to adequately explain the sentence; (3) assumed facts not in evidence regarding a proposed guideline departure and variance; and (4) treated the Guidelines as mandatory. He further argues that the sentence is substantively unreasonable because it is greater than necessary to serve the purposes of sentencing. Secondly, he argues that the district court erred by failing to allow him to allocute prior to sentencing. Lastly, he argues that the court erred by failing to elicit fully articulated objections following sentencing. We affirm.

In this case, Garcia-Hernandez's sentence is both procedurally and substantively reasonable. The record reflects that, although the district court did not explicitly discuss or cite any of the § 3553(a) factors, the court's consideration of his arguments for a variance under the § 3553(a) factors and his request for downward departure indicate that the court did consider the sentencing factors. Furthermore, the court's comments during the sentencing hearing indicate that it

considered the need for deterrence, protecting the public from further crimes, his history, and what would constitute just punishment. The record also demonstrates that the court considered his arguments and adequately explained its reasons for the sentence.

With regard to the motion for a downward departure, the district court stated that it saw "no reason to depart from the guidelines," which implies that it understood that it had the authority to depart from the guideline range. Therefore, we have no authority to review the court's decision to deny the downward departure. To the extent that Garcia-Hernandez also argues that the court should have varied from the guideline range, he has failed to show that his sentence, which was at the very bottom of the guideline range, was unreasonable. Although he contends that the district court's decision not to depart or vary below the guideline range was based on facts not in evidence, the court's findings were not clearly erroneous.

The record further demonstrates that the court correctly treated the Guidelines as advisory. Lastly, Garcia-Hernandez failed to show that his sentence is substantively unreasonable. His 77-month sentence is within the advisory guideline range and below the statutory maximum of 10 years' imprisonment.

Next, although the district court neglected to allow Garcia-Hernandez to allocute prior to sentencing him, after defense counsel pointed out this error, the court specifically addressed the defendant and asked if he had anything to state to the court. He was given an opportunity to be heard by the court before the proceeding had ended and while he was still under the "presence and control" of the court. The court clearly advised the defendant that his post-sentencing allocution might make a difference, which demonstrates that the sentence still could have been changed following his allocution. Under these circumstances, we find no errors as to this issue.

Finally, we find no merit to Garcia-Hernandez's claim that the court failed to elicit fully articulated objections following sentencing.

Although, after sentencing Garcia-Hernandez, the district court asked only whether there was "anything further" that defense counsel wished to state to the court, defense counsel responded with several objections to the sentence, which indicates that counsel understood that the court was eliciting objections, which counsel made.

Upon review of the record and consideration of the parties' briefs, we find no reversible error.

**AFFIRMED.**

4